IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

IN RE:

JANE DOE,

Petitioner.

RECEIVED

2025 APR -3 P 4: 48

U.S. COURT OF APPEALS
FOURTH CIRCUIT

EMERGENCY COMBINED MOTION TO EXPEDITE RULING ON ALL PENDING EMERGENCY MATTERS, INCLUDING IN FORMA PAUPERIS STATUS

(Public Version – Personally Identifiable and Medical Details Redacted)

---

COMES NOW the Petitioner, Jane Doe, a disabled pro se litigant and veteran, respectfully moving this Honorable Court to expedite ruling on all pending emergency matters currently before the Court, including:

- The Emergency Petition for Writ of Mandamus filed April 2, 2025;
- The motion to seal trauma-related and psychiatric filings currently accessible on PACER;
- The request for recusal of district court officials pursuant to 28 U.S.C. § 455(a);
- The request to transfer and consolidate related civil rights matters under 28 U.S.C. § 1404(a);
- Associated requests for injunctive, declaratory, and protective relief;
- And critically, Petitioner's Motion to Proceed In Forma Pauperis, which is required to activate formal docketing and review of the emergency petition.

This motion is brought pursuant to:

- Fed. R. App. P. 2 (suspension of rules for good cause);
- Fed. R. App. P. 21(b)(4) (expedited timeline for mandamus);
- And the Court's inherent authority to prevent irreparable harm and safeguard constitutional access.

## I. URGENT CONSTITUTIONAL HARM MERITS EXPEDITED CONSOLIDATED RELIEF

Petitioner has submitted a sealed emergency mandamus petition and supporting documentation evidencing:

- Exclusion from critical federally provided services following protected activity;
- Public disclosure of sensitive medical and trauma-related information without sealing or judicial intervention;
- Housing destabilization by federally affiliated grantees;
- Procedural denial of access to emergency judicial review in district court.

The record contains over 300 pages of exhibits demonstrating not merely harm, but ongoing constitutional violations involving due process, disability rights, and retaliation in federally funded programs.

Under well-established precedent, this Court is empowered to act:

- Webster v. Doe, 486 U.S. 592 (1988) – Courts retain jurisdiction to review constitutional claims even when statutory remedies are unavailable;
- Tennessee v. Lane, 541 U.S. 509 (2004) – Disabled litigants must have meaningful access to courts;
- Chambers v. NASCO, Inc., 501 U.S. 32 (1991) – Courts have inherent authority to protect their integrity and process.

## II. FAILURE TO RULE ON IN FORMA PAUPERIS MOTION BARS ACCESS TO RELIEF

Petitioner has concurrently filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). Without a ruling on that motion, the Court cannot assign a formal docket or proceed with review of the emergency petition. That delay creates an unconstitutional barrier to justice.

The Supreme Court has repeatedly recognized that poverty must not prevent access to appellate review where fundamental rights are implicated:

- M.L.B. v. S.L.J., 519 U.S. 102 (1996);
- Boddie v. Connecticut, 401 U.S. 371 (1971).

Where, as here, civil rights, housing, and health access are at stake, courts must act swiftly to protect the right to be heard.

## III. PETITIONER REQUESTS CONSOLIDATED AND EXPEDITED ACTION

Petitioner respectfully requests that the Court:

1. Immediately rule on the Motion to Proceed In Forma Pauperis, enabling formal docketing and review;
2. Expedite rulings on all pending emergency matters, including the Petition for Mandamus and accompanying motions;
3. Consolidate review to ensure a unified ruling and avoid piecemeal adjudication;
4. Grant interim protective relief if necessary to preserve constitutional status quo while review is pending.

## IV. CONCLUSION

Petitioner has established an active, ongoing emergency involving deprivation of federal rights. Delay is not neutral—it is harmful. The Court is respectfully asked to exercise its jurisdiction, consolidate all pending matters, and issue a ruling that affirms the Constitution's applicability to vulnerable, pro se, and disabled litigants.

Respectfully submitted,

Jane Doe

April 3, 2025

Pro Se Petitioner