IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

IN RE:

JANE DOE,

Petitioner.

MOTION TO PROCEED UNDER PSEUDONYM AND WITH LIMITED REDACTIONS

Petitioner Jane Doe, appearing pro se, respectfully moves this Court to permit her to proceed under the pseudonym "Jane Doe" and to redact personally identifying information from public filings in connection with her Emergency Petition for Writ of Mandamus.

## I. INTRODUCTION

Petitioner is a disabled U.S. veteran and a survivor of military sexual trauma, who has been forced to publicly disclose the most intimate details of her rape, trauma, and psychiatric history due to prior judicial misconduct in the Eastern District of Virginia. On March 7, 2025, her Emergency Motion for Injunctive Relief, which contained confidential letters from her physicians, was docketed publicly after Judge Giles refused to hear the motion and Judge Davis denied her sealing request. The result was the involuntary public exposure of deeply personal, protected information. This harm is ongoing.

Petitioner now seeks to proceed under the pseudonym "Jane Doe" in all public-facing filings in this Court and the underlying district court case. She has submitted both unredacted materials under seal and redacted public copies using the pseudonym, in accordance with best practices and in full respect of the Court's authority to permit anonymity in exceptional cases.

## II. LEGAL STANDARD

Courts recognize that while Rule 10(a) of the Federal Rules of Civil Procedure generally requires the names of parties to appear in the caption, exceptions are made when justified by strong privacy interests. See Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981); James v. Jacobson, 6 F.3d 233 (4th Cir. 1993); Doe v. Public Citizen, 749 F.3d 246 (4th Cir. 2014).

The Fourth Circuit considers the following factors:

- Whether the case involves highly sensitive matters;

- Whether identification would cause risk of retaliatory harm or further trauma;
- Whether the public interest in disclosure is outweighed by privacy needs;
- Whether pseudonymity would prejudice the opposing party.

## III. APPLICATION TO THIS CASE

Petitioner satisfies each factor:

1. Highly Sensitive Subject Matter: Petitioner's filings detail her rape, psychological injury, PTSD, and suicidality. These are among the most intimate and constitutionally protected areas of personal privacy.

2. Risk of Harm and Retraumatization: The perpetrator of Petitioner's rape remains employed at a federal agency. Petitioner has a reasonable fear of retaliation, harassment, or stigma. She has already suffered irreparable harm from prior public disclosure.

3. Minimal Public Interest in Identity: The public can fully understand the legal and constitutional issues without knowing Petitioner's name. The issues relate to judicial bias and denial of due process, not to Petitioner's personal conduct or credibility.

4. No Prejudice to Other Parties: Petitioner has submitted her real name and sealed copies of all materials to the Court. No defendant or respondent will be prejudiced, as her identity is known to the court and may be disclosed to opposing parties under protective conditions if necessary.

## IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully moves this Court to:

1. Permit her to proceed under the pseudonym "Jane Doe" in all publicly accessible filings;
2. Allow redaction of personal and identifying information from the public docket;
3. Extend this permission to future filings in the underlying case upon reassignment or transfer.

Petitioner has acted in full compliance with the law and with this Court's standards for seeking pseudonym protection. She does not seek to obscure the facts, only to prevent further harm.

Respectfully submitted,

Jane Doe

(Pro Se Petitioner – real name filed under seal)

April 2, 2025

_____